UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA, :
:
       -against- :   MEMORANDUM & ORDER
:   1:18-CR-00509 (ENV)
ALEAH MOHAMMED, :   1:20-CR-00581 (ENV)
:
                Defendant. :
------------------------------------------------------------ x

VITALIANO, D.J.

    On April 13, 2023, defendant Aleah Mohammed was sentenced to 78 months' imprisonment and two years of supervised release after pleading guilty to one count of mail fraud and one count of health care fraud, in violation of 18 U.S.C. §§ 1341 and 1347. *See* Judgment, Dkt. 86. Based on Mohammed's total offense level of 29 and criminal history category of III, the then-applicable custodial sentencing range under the United States Sentencing Guidelines ("Guidelines") was 108 to 135 months. Presentence Investigation Report ("PSR"), Dkt. 74, at 25. Defendant is currently incarcerated at Danbury FCI.

    Defendant, proceeding *pro se*, now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2),[1] based on retroactive changes made to the Guidelines by Amendment 821. Mot., Dkt. 96. For the following reasons, Mohammed's motion is denied.

## Legal Standard

    As amended by the First Step Act, 18 U.S.C § 3582 provides incarcerated individuals two pathways for obtaining sentence reductions. As relevant here, subsection (c)(2) permits the sentencing court to reduce a term of imprisonment where the defendant's initial sentence was

---

[1] Although defendant identifies § 3582(b)(2) in her motion, the Court construes her request for relief under § 3582(c)(2).

1

"based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," provided that reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C § 3582(c)(2).  Furthermore, in deciding whether to grant relief, the sentencing court must consider the § 3553(a) factors—the same well-known factors that are to be considered by a sentencing court at the time of sentencing or re-sentencing.

<u>Discussion</u>

In determining whether a previously imposed sentence should be reduced pursuant to § 3582(c)(2) courts apply a two-step inquiry.  *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691, 177 L. Ed. 2d 271 (2010).  First, the Court must assess whether, and, if so, to what extent, the defendant is eligible for a sentence reduction under U.S.S.G. § 1B1.10 (permitting sentence reduction where applicable Guidelines range has subsequently been lowered).  *Id*. Following this regimen, the Court must determine "the amended guideline range that would have been applicable to the defendant if" the amendment at issue "had been in effect at the time the defendant was sentenced"—here, Amendment 821. U.S.S.G. § 1B1.10(b)(1).  However, the Court "shall not reduce the defendant's term of imprisonment under § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." § 1B1.10(b)(2)(A).  Put simply, if a defendant's original sentence was for a term of imprisonment below the low end of the amended Guidelines range, the defendant is ineligible for a reduction under § 3582(c)(2).  *See United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  If, after applying this framework, the defendant is eligible for a reduction, the court must next "consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction

authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

Mohammed falls short at step one. Amendment 821 went into effect on November 1, 2023, and now applies retroactively to a sentence like hers, imposed on April 13, 2023. U.S.S.G. § 1B1.10(d). Part A of the Amendment addresses "status points," "which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case."[2] *United States v. Torres*, No. 06-cr-987-07 (DC), 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024); *United States v. Connelly*, No. 22-2337-CR, 2023 WL 8446806, at *1 n.2 (2d Cir. Dec. 6, 2023). Part B provides a two-point offense level reduction for "zero-point offenders," "*i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines." *United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024).

Here, Part A does not apply to defendant because she did not receive status points pursuant to Section 4A1.1(d). *See* PSR at 17–18; *see also* Statement of Reasons, Dkt. 87, at 1 (adopting PSR). And Part B is a similar dead end: defendant had a total of four criminal history points and therefore was not a "zero-point offender." PSR at 18–20. Accordingly, defendant is ineligible for a sentence reduction under § 3582(c)(2).

---

[2] Specifically, the Amendment decreases status points by one point for offenders with seven or more Criminal History Points, and "eliminates them altogether for offenders with six or less criminal history points." *Torres*, 2024 WL 621554, at *1.

3

Conclusion

For the foregoing reasons, Mohammed's motion is denied.

So Ordered.

Dated:   Brooklyn, New York
         March 14, 2024

                                              /s/ Eric N. Vitaliano
                                              ERIC N. VITALIANO
                                              United States District Judge